UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
FRANCES COBIAN,                                             :
                                                            :
                              Plaintiff,                    :
                                                            :        04 Civ. 1941 (GEL)
              -against-                                     :
                                                            :        **OPINION AND ORDER**
CITY OF NEW YORK, et al.,                                   :
                                                            :
                              Defendants.                   :
------------------------------------------------------------x

Frances Cobian, pro se.

Michael A. Cardozo, Corporation Counsel of the
City of New York, New York, NY (Alecia Walters,
Assistant Corporation Counsel, Of Counsel), for
Defendants.

GERARD E. LYNCH, District Judge:

  Plaintiff Frances Cobian brings this employment discrimination action, alleging principally that her employment in the City of New York Human Resources Administration ("HRA") was terminated because of her Hispanic national origin and disability, and in retaliation for prior employment discrimination lawsuits she filed against the City, in violation of, inter alia, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendants move for summary judgment, asserting various procedural defects in Cobian's claims and arguing that she cannot establish a prima facie case of discrimination or retaliation. For the following reasons, defendants' motion will be granted.

## BACKGROUND

Cobian is a former social work supervisor in the HRA with a history of litigation against the City. In 1995, she filed a disability discrimination complaint, arguing that HRA failed to accommodate knee and back injuries resulting from a fall. In February 1997, after Judge Sheindlin denied summary judgment, finding triable issues as to whether Cobian's injuries constituted a disability and whether her proposed accommodation was reasonable, Cobian v. City of New York, 95 Civ. 0166, 1996 WL 583385 (S.D.N.Y. Oct. 10, 1996), the case was settled. (Walters Decl. Ex. A., Cobian Dep., at 14-15.) In 1999, Cobian filed another suit, charging discrimination on the basis of disability and Hispanic national origin (as well as objecting to a Family Court decision concerning her brother's custody battle over his daughter). Judge Wood granted summary judgment for the defendants based on a thorough Report and Recommendation authored by Magistrate Judge Peck, Cobian v. New York City, No. 99 Civ. 10533, 2000 WL 1782744 (S.D.N.Y. Dec. 6, 2000), and the Second Circuit affirmed for substantially the reasons stated in that Report. Cobian v. New York City, 23 Fed. Appx. 82 (2d Cir. Dec. 21, 2001). Judge Peck decided that as a matter of law, Cobian did not have a disability, despite a number of lengthy medical leaves due to injury, and that she failed to establish a prima facie case of national origin discrimination. Finally, in 2003, Cobian filed another complaint, which alleged that various named defendants, including HRA, violated the RICO statute, the Fair Debt Collection Practices Act, and 42 U.S.C. §§ 1983 and 1985, in connection with a mortgage dispute. Judge Chin granted defendants' motion to dismiss the complaint. Cobian v. Human Resources Admin., No. 03 Civ. 3054, 2004 WL 2049278 (S.D.N.Y. Sept. 13, 2004).

Cobian now brings this employment discrimination action against the City, Verna Eggleston, Commissioner of HRA, and Loraine Williams, one of Cobian's supervisors at HRA, based primarily on events that occurred since the most recent litigation, namely her termination. In an Order dated January 4, 2005, this Court granted in part and denied in part defendants' motion to dismiss, dismissing Cobian's claim that she was denied due process in the disciplinary hearing that resulted in her termination, and her claims under 42 U.S.C. §§ 1985 and 1986, but permitting the case to go forward with respect to her claims for discrimination and retaliation under Title VII and the ADA, and her claims against the individual defendants under 42 U.S.C. § 1983. Defendants now move for summary judgment as to these claims.

**DISCUSSION**

I. Timeliness

Defendants first argue that many of the claims Cobian appears to assert are time-barred. (Def. Mem. at 7-8.) A Title VII or ADA claim is time-barred if the plaintiff fails to file an administrative charge within, at most, 300 days after the alleged unlawful employment practice. See 42 U.S.C. §§ 2000e-5(e)(1), 12117(a); Gomes v. Avco, 964 F.2d 1330, 1332-33 (2d Cir. 1992) (Title VII); Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 325 (2d Cir. 1999) (ADA). Cobian filed a charge with the EEOC on November 26, 2003. Accordingly, claims under those statutes are barred to the extent they are based on acts of discrimination occurring before January 30, 2003.[1] Cobian's section 1983 claim is subject to a three-year statute of

---

[1] Acts occurring outside the limitations period may be considered in support of continuing violation claims, such as hostile environment claims, where one act contributing to the claim occurred within the limitations period. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 117 (2002); Patterson v. County of Oneida, 375 F.3d 206, 220 (2d Cir. 2004). Even in a case involving discrete discriminatory acts (e.g., termination), acts occurring before the

limitations; any such claim based on acts of discrimination occurring before March 11, 2001, is time-barred. See Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004).

When defendants raised the timeliness issue in their motion to dismiss, the Court declined to dismiss Cobian's claims, interpreting her filings to that point as indicating an intention to challenge only her termination, which occurred on June 23, 2003. However, there is some suggestion in Cobian's deposition testimony that she means to assert claims based on acts that occurred since her first lawsuit in 1995, many of which were already decided adversely to her in previous litigation. (Cobian Dep. at 16, 53, 62-63, 76-77.) While Cobian's desire to challenge a variety of personnel decisions she believes were biased and unfair may be understandable, claims may only be adjudicated once, and only within the clear time limits set forth in the governing statutes. In this case, Cobian may not assert any Title VII or ADA claim based on acts occurring before January 30, 2003. Since the only adverse employment action that occurred after that date is her termination, that is the only issue that is properly before the Court as to those claims.[2]

The limitations period for Cobian's section 1983 claim against the individual defendants however, reaches back to March 11, 2001, and theoretically might encompass acts other than Cobian's termination. But Cobian fails to address any such acts specifically in her EEOC charge

---

limitations period may constitute relevant background evidence. See Petrosino v. Bell Atlantic Corp., 385 F.3d 210, 220 (2d Cir. 2004), citing Morgan, 536 U.S. at 113.

[2] While defendants argue that the 300-day limitations period applies to Cobian's Title VII and ADA claims (Def. Mem. at 7-8), it is not clear that Cobian instituted proceedings with any state or local agency prior to filing her EEOC charge. (Walters Decl. Ex. U, at 1.) If not, the 180-day, not 300-day, limitations period set out in 42 U.S.C. § 2000e-5(e)(1) applies. However, because Cobian's termination occurred within 180 days of the filing of her EEOC charge, the Court need not resolve this issue.

or complaint (Walters Decl. Exs. U, W), and aside from a conclusory reference to "[t]he hostile environment for which plaintiff complains" (Pl. Mem. at 10), Cobian's memorandum in opposition to summary judgment, and the papers attached to that memorandum, focus solely on her termination. Scavenging the record sheds little additional light on the subject. The incomplete transcript of Cobian's deposition supplied by the parties, various (unordered) pages of which are attached to defendants' submission, evidences Cobian's assertions that her suit is based on acts occurring from the time of her first lawsuit to her termination (Cobian Dep. at 16, 19); that, apparently between 1997 and 1999 (and thus, outside the section 1983 limitations period), Cobian was "involuntarily transferred to another department," and wasn't offered "the same privileges and opportunities as [her] co-workers" and the "tools in order to do the function of [her] job" (id. at 19, 53, 62-63); and that at some point, was ridiculed by coworkers because of her lack of an office or desk (id. at 76-77). Other parts of the record reveal certain additional complaints about Cobian's employment made over the years, (Walters Decl. Exs. H, P), but the only ones that appear to relate to events occurring within the three-year limitations period are Cobian's complaints that she was denied a office with a locking door and a file cabinet between January and May 2001. (Walters Decl. Ex. P., Tr. Sept. 13, 2002 Workers' Compensation Board Hearing, at 8-12.)[3]

---

[3] Any claim based on the alleged failure to provide a locking office and file cabinet (as with claims based on most of the acts listed above) is infirm because such a decision does not constitute an actionable "adverse employment action." See Galabya v. Board of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (noting act must be "more disruptive than a mere inconvenience or an alteration of job responsibilities," and listing "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, [and] significantly diminished material responsibilities" as examples (quotation omitted)).

Ultimately, the Court is unable to identify in the record before it a single action, other than Cobian's termination, that falls within section 1983's three-year limitations period, can be attributed to the individuals Cobian is presently suing, is sufficiently serious to constitute an adverse employment action, and was not already addressed in previous litigation. While the Court will carefully scrutinize the submissions of pro se litigants to identify any plausible legal claim, there is a limit, especially where, as here, what is at issue is not the failure to follow a technical procedural requirement or understand legal minutiae, but the failure to adequately relate to the Court the facts upon which they intend to base their claims. To the extent Cobian ever intended to assert other or broader claims, she has abandoned them by focusing her opposition to summary judgment exclusively on her termination and failing to articulate the facts relevant to any other potential claims. For these reasons, the Court will not consider any allegedly discriminatory act other than Cobian's termination. See, e.g., LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (holding pro se appellant abandoned claim by failing to raise it in appellate brief).[4]

II. Merits

Cobian claims that her termination violated Title VII and the ADA because it was based on her national origin and disability, and was retaliatory. While these claims would not permit a cause of action against the individual supervisors who she claims made the allegedly-biased

---

[4] Moreover, the record provides only scant evidence that any of defendants' other alleged actions, whether justified or unjustified, was grounded in discrimination based on Cobian's national origin or disability, or were taken in retaliation for Cobian's prior lawsuits. Cf. Fisher v. Vassar College, 114 F.3d 1332, 1346-47 (2d Cir.1997) (in banc) (holding whether summary judgment is proper or not "depends on how forcefully the evidence has shown what plaintiff has the burden of showing – that the adverse employment action suffered by plaintiff *was attributable to the alleged discrimination*" (quotation omitted and emphasis added)).

decision, the Court previously construed her claims liberally to encompass a claim of denial of equal protection under section 1983. In the employment context, these claims are identical, and require a showing that the decision to terminate the plaintiff's employment was made on the basis of discrimination on a prohibited ground or retaliation. Feingold v. City of New York, 366 F.3d 158, 159 (2d Cir. 2004). Since Cobian cannot establish a genuine issue of fact as to whether such discrimination or retaliation infected the termination decision, summary judgment for defendants is appropriate.

    A. Summary Judgment and Title VII/ADA Standards

Summary judgment shall be granted if the Court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine issue of material fact" exists if the evidence is such that a reasonable jury could find in favor of the non-moving party. Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). In deciding a summary judgment motion, the Court must "resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion." Cifarelli v. Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

To determine which facts are material, the Court must look to the substantive law that supplies the basis for the claims at issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Supreme Court's decision in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), provides the framework to evaluate a claim under both Title VII and the ADA. See, e.g., Barnes v. CCH Corp. Sys., No. 01 Civ 2575, 2004 WL 1516791, at *4 (S.D.N.Y. July 7, 2004). To make out a claim under Title VII for discrimination, the plaintiff must first make a prima facie showing that (1) she is a member of a protected group; (2) qualified for her job; (3)

suffered an adverse employment action; and that (4) the circumstances surrounding that action permit an inference of discrimination. Williams v. R.H. Donnelley, Corp., 368 F.3d 123, 126 (2d Cir. 2004); accord, McDonnell Douglas, 411 U.S. at 802. As to a claim alleging retaliation, the plaintiff must show that (1) she participated in a protected activity of which defendants were aware; (2) suffered an adverse employment action; and (3) there was a causal connection between the protected activity and that action. See Feingold, 366 F.3d at 156. Finally, as to a claim under the ADA alleging discrimination on the basis of disability, the plaintiff must show that (1) her employer is subject to the ADA; (2) she suffers from a disability within the meaning of the ADA; (3) she was otherwise qualified to perform the essential functions of her job; and (4) she suffered an adverse employment action because of her disability. Heyman v. Queens Village Comm. for Mental Health for Jamaica Comm. Adolescent Program, 198 F.3d 68, 72 (2d Cir. 1999).

If the plaintiff makes the necessary showing, the burden shifts to the defendant, who must then offer evidence that the adverse employment action was taken "for a legitimate, nondiscriminatory reason." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). After the defendant produces evidence of a non-discriminatory (and non-retaliatory) reason for its actions, any presumption of discrimination disappears, and all that remains is the plaintiff's burden to present sufficient evidence for a reasonable fact finder to conclude that defendants' purported explanation is pretext for intentional discrimination on a prohibited ground. Id. at 143, 148-49; Fisher v. Vassar College, 114 F.3d 1332, 1346-47 (2d Cir. 1997) (in banc), abrogated on other grounds by Reeves, 530 U.S. at 146-48.

B. <u>Application</u>

Defendants argue that Cobian cannot make out a prima facie case of discrimination on the basis of national origin or disability, or retaliation. Even assuming that Cobian can meet that low threshold, defendants have provided evidence of a legitimate basis for the termination decision, namely that Cobian was absent from work without authorization for a year between April 2002 and April 2003. (Walters Decl. Ex. S, at 6-7; <u>id</u>. Ex. T.)

On May 10, 2001, Cobian suffered a back injury while picking up case files from the floor (Cobian Dep. at 30; Walters Decl. Exs. I, J), and never returned to work, (Cobian Dep. at 116-18.) Defendants cite to evidence indicating that she failed to follow the proper procedures for taking medical leave, and that HRA subsequently requested disciplinary action. Cobian does not dispute that she failed to follow the proper procedures for taking leave, although she claims that she was not cleared by her physician to return to work until June 4, 2002. (Def. Mem. at 3-4; Pl. Mem. at 4; <u>id</u>. Ex. 8.) Ultimately, the question whether Cobian's leave was authorized or not was resolved in two administrative hearings, the first a Workers' Compensation Board hearing, at which Cobian's own physician testified that she could return to work as of April 2002. (Cobian Dep. at 106; Walters Decl. Ex. O, at 1.) On the basis of the deposition and live testimony of five doctors and other documentary evidence, the ALJ concluded on March 31, 2003 that Cobian was entitled to workers' compensation benefits from May 10, 2001 to April 22, 2002, but that her failure to return to work after that point was voluntary, and that Cobian had taken herself out of the labor market on that date and was not entitled to compensation thereafter. (Walters Decl. Ex. O, at 1-2.) After this decision was issued, an unauthorized leave charge was leveled against Cobian, and on April 30, 2003, a hearing on the charge was held before the

City's Office of Administrative Trials and Hearings ("OATH"). (Id. Exs. Q, S.) A second ALJ found Cobian's testimony relating to her reasons for not returning to work after April (or even June) 2002 lacking in credibility, and recommended that she be terminated (id. Ex. Q), which she was on June 23, 2003 (id. Ex. T).

Cobian's opposition to the summary judgment motion in effect attempts to reargue the fairness of the OATH hearing and the accuracy of its conclusions. The bottom line, however, is that two separate and independent ALJs, after full evidentiary hearings at which Cobian testified and presented evidence, concluded that she was able to return to work as of at least April 22, 2002, and one of those ALJs further held that Cobian had voluntarily absented herself without medical excuse for over one year after that date. In light of these findings, Cobian has produced insufficient evidence that the stated reasons for defendants' actions were in fact pretext for discrimination on the basis of Cobian's national origin or disability, or were taken in retaliation for Cobian's prior lawsuits.

The only evidence that the decision may have been unwarranted, let alone that the stated reasons for that decision were a pretext for discrimination or retaliation, is Cobian's allegation that she was told at various workers' compensation hearings in 2002 and 2003 that she was not permitted to return to work. (Cobian Dep. at 116-18.) The record includes a letter by attorney Joseph A. Romano in support of Cobian's appeal of the Workers' Compensation Board decision, which describes the allegation (Pl. Mem. at 12), as well as a letter from another of Cobian's attorneys, which states that Cobian appeared at various hearings and "was denied the opportunity

to return to work" (id. at 14).[5] The OATH ALJ reviewed Cobian's allegations and the Romano letter, and also reviewed four affidavits from the attorneys representing the City at those hearings stating that Cobian was never told that she could not return to work (Walters Decl. Ex. S, at 3; id. Ex. R), and ultimately rejected Cobian's allegations as not credible.

As an initial matter, Cobian is barred from relitigating this issue. See Runaway Dev. Group v. Pentagen Techs. Int'l, Ltd., 396 F. Supp. 2d. 471, 475 (S.D.N.Y. 2005) ("Issue preclusion operates to bar the relitigation of issues actually litigated and decided in [a] prior proceeding, as long as that determination was essential to that judgment . . . and there was a full and fair opportunity for litigation in the prior proceeding (quotation marks and citations omitted)). In any event, under the circumstances, Cobian's evidence would not by itself permit a fact finder to find that the stated reasons for her termination were a pretext for discrimination on the basis of national origin or disability, or retaliation for Cobian's prior lawsuits. Cobian has produced no evidence of other employees treated more favorably under similar circumstances, and there is no direct evidence of discriminatory or retaliatory animus. See Reeves, 530 U.S. at 148-49 ("Whether judgment as a matter of law is appropriate in any particular case will depend on a number of factors. Those include the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered on a motion for judgment as a matter of law."); Fisher, 114 F.3d at 1346-47 (holding whether summary judgment is proper or

---

[5] Neither letter indicates whether the writer has personal knowledge that Cobian was told that she could not return to work, or whether he is just describing Cobian's allegations.

– that the adverse employment action suffered by plaintiff was attributable to the alleged discrimination"). For these reasons, Cobian has produced insufficient evidence in support of her claims relating to her termination, and those claims are hereby dismissed.

In light of this conclusion, it is not necessary to reach defendants' other arguments in support of summary judgment.[6]

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (Doc. # 36) is granted, and the complaint is dismissed with prejudice. Plaintiff's motion for summary judgment (Doc. #32) is denied.

SO ORDERED.

Dated: New York, New York
January 24, 2006

*[signature]*

GERARD E. LYNCH
United States District Judge

---

[6] Cobian also filed a motion for summary judgment, and submitted a memorandum of law in support that is identical in all material respects to the memorandum submitted in opposition to defendants' motion. Cobian does not seriously argue that she is entitled to judgment as a matter of law, and for the reasons stated above, any such argument would be meritless.